IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **KENDALL YOUNG,** ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 1:25-cv-01122-STA-jay |
| ) | No. 21-cr-10119-STA |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**ORDER GRANTING 28 U.S.C. § 2255 MOTION**

Kendall Young has filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Government has filed its answer/response to the motion (ECF No. 5) and concedes that Young is entitled to relief.

The Government summarized the background of this matter as follows. In 2021, Young was charged with violations of 21 U.S.C. § 846 in the Western District of Tennessee in criminal case no. 1:21-cr-10119; the indictment was superseded in June 2022. Subsequently, Young pleaded guilty to count one in a Rule 11(c)(1)(C) plea agreement. Pursuant to the agreement, the parties agreed to recommend a sentence of 188 months in prison and Young agreed to waive his right to file a direct appeal, unless the sentence exceeded the maximum permitted by statute or was the result of an upward departure from the guideline range. On May 14, 2024, Young was sentenced to 188 months in prison, the agreed-upon sentence in the plea agreement. Young was represented by Attorney A. Russell Larson.

Despite the signed waiver of his appeal rights and his colloquy with the Court, during which he acknowledged giving up his appeal rights, Young now maintains that Attorney Larson was

constitutionally ineffective for failing to file an appeal. In support of his motion, he has attached what is purported to be a copy of a letter sent to Attorney Larson after his sentencing seeking an appeal. (ECF No. 1-1.) According to the Government, Attorney Larson is unavailable to provide an affidavit to the contrary.

As noted by the Government, if Young did request or specifically instruct Attorney Larson to file a direct appeal and Attorney Larson failed to file it, the omission constitutes ineffective assistance of counsel, per se, regardless of whether the appeal would have been successful or futile. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477(2000) (internal citations omitted). "[E]ven when a defendant waives all or most of his right to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal*.*" *Campbell v. United States*, 686 F.3d 353, 360 (6th Cir. 2012); *see also Racey v. United States*, 2020 WL 1977120 (E.D. Tenn. Apr. 24, 2020) (granting the defendant's Section 2255 motion based on counsel's failure to file a notice of appeal and authorizing a delayed appeal as a proper remedy); *Ransom v. United States*, 2015 WL 4410103, at *3 (N.D. Ohio July 15, 2015) ("if the Court were to determine that petitioner explicitly requested that his trial counsel file a notice of appeal and his attorney failed to do so, he would be entitled to pursue a delayed appeal").

Because Attorney Larson is unable to provide an affidavit or appear and testify to the contrary, the Government agrees that Young is entitled to relief in the form of a delayed appeal in this case. Accordingly, Young's motion is **GRANTED**. The Court vacates its Judgment in a Criminal Case, 1:21-cr-10119 (ECF No. 525), and reenters the Judgment as of the date of entry of this Order. The Judgment otherwise remains unchanged. Young is advised that he has a right to

appeal the re-imposed judgment and that the deadline for filing a notice of appeal is fourteen (14) days after the date of the filing of the re-imposed sentence, pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A) (i).

The Clerk of the Court is **DIRECTED** to enter Judgment in this civil case in favor of Young and in accordance with the directive above.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: July 1, 2025